## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ROSITA MORIARTY,

            Plaintiff

vs.                               Civil Action No.:

TARGET STORES, INC. a/k/a
TARGET CORPORATION

            Defendant           JANUARY 25, 2023

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant, **Target Stores, Inc. a/k/a Target Corporation,** hereby gives notice of the removal of the above-captioned action from the Superior Court of Connecticut, J.D. of Middlesex at Middletown, which is the judicial district in which said action is pending, to this Court. The grounds for removal are as follows:

1.      On or about December 21, 2022, the plaintiff, Rosita Moriarty, commenced a civil action against Target Stores, Inc. a/k/a Target Corporation ("Target") in the Superior Court of Connecticut, J.D. of Middlesex at Middletown, titled <u>Rosita Moriarty v. Target Stores, Inc a/k/a Target Corporation</u> (the "Middlesex Action"), Docket Number MMX-CV23-6036306-S.

2.      The plaintiff's Complaint alleges that as a result of the negligence of the defendants, the plaintiff tripped on raised concrete near the entrance of the defendant's premises, sustaining a severe shock to her nervous system and the following injures: left knee pain, left knee abrasion, tenderness along the medial aspect of the left proximal tibia, patellofemoral crepitus of the left knee, moderate left-knee arthritis, moderate loss

of left-knee joint space, sclerosis and spurring of the left knee medial compartment, left knee contusion, aggravation of left knee osteoarthritis, left shoulder pain, restricted range of motion of the left shoulder, strain of muscle and tendon of the left rotator cuff, diffuse moderate weakness of the left rotator cuff, distal infraspinatus tendinosis of the left shoulder, partial-thickness articular surface insertional fraying of the left shoulder, subchondral enthesopatic cyst of the left shoulder, tendinosis of the long head of the left biceps with tenosynovitis, left acromioclavicular joint arthrosis with capsular hypertrophy, left subacromial/subdeltoid bursitis; and other injuries the type, extent, and severity of which are yet unknown. The Complaint alleges that the plaintiff suffers from the fear and anxiety that future medical treatment and/or complications may occur arising out of this incident. It further alleges that the plaintiff has suffered and will continue to suffer in the future, significant pain and suffering. It further alleges that the plaintiff has suffered and will continue to suffer, from the loss of ability to enjoy life's pleasures and activities. Finally, it alleges that the plaintiff has been caused and will be caused to miss work and lose wages. The demand for relief claims monetary damages in excess of $15,000.

3.       This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1332 because complete diversity exists between the plaintiff and the defendant and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4.       There is complete diversity of citizenship between the plaintiff and the defendant. The plaintiff is an individual who resides in Middletown, Connecticut and who is a citizen of the State of Connecticut. Defendant Target is a Minnesota corporation that maintains its principal place of business in Minneapolis, Minnesota.

5.      Upon information and belief, the amount in controversy of the Middlesex Action exceeds the sum or value of $75,000, exclusive of interest and costs. The amount in controversy appears to exceed such sum or value based on the extensive list of injuries alleged in the Complaint. Medical records show the plaintiff claims a loss of consciousness. She has had MRI injections. Lost wages are also being claimed. The plaintiff also claims non-economic damages in the form of pain and suffering and loss of ability to enjoy life's pleasures and activities.  Lastly, plaintiff's counsel is not will to stipulate to the case having a value less than $75,000,

6.      Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is being timely filed within 30 days of the defendant's receipt of the initial state court pleading. Target was served with process on December 27, 2022. Accordingly, the time for filing this Notice under the provisions of 28 U.S.C. § 1446 has not expired.

7.      This Court would have had original subject matter jurisdiction of this action under the provisions of 28 U.S.C. § 1332 if the Middlesex Action had originally been brought in Federal court.  Removal, therefore, is proper under 28 U.S.C. § 1441(a).

8.      Removal of this case on the basis of diversity citizenship is not precluded by 28 U.S.C § 1441(b)(2) because none of the parties in interest have joined and served as a defendant a citizen of the State of Connecticut, which is the State in which the Middlesex Action was brought.

9.      All state court papers served on the defendant at the time of removal, consisting of the summons and complaint, are attached hereto as **Exhibit A**.

10.      Written notice of the filing of this Notice has been given to all parties as required by law (**Exhibit B**).

11.     Pursuant to 28 USC §1446(d), the defendant has notified the Superior Court of the State of Connecticut of the filing of this petition.

For the reasons set forth above, the defendant hereby removes this action from the Superior Court of Connecticut, J.D. of Middlesex at Middletown, to this Court.

                        DEFENDANT,
                        TARGET STORES, INC. a/k/a
                        TARGET CORPORATION

                        By: /s/ Renee W. Dwyer ct10580
                        Renee W. Dwyer, ct10580
                        641 Farmington Avenue
                        Hartford, CT 06105
                        Phone: (860) 523-8000
                        Fax: (860) 523-8002
                        E-Mail: rdwyer@conwaystoughton.com

## CERTIFICATION

I hereby certify that on January 26, 2023, a copy of the foregoing Notice of Removal was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                        /s/ Renee W. Dwyer ct10580
                        Renee W. Dwyer, ct10580

# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1  Rev. 10-15
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

See other side for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and
costs is less than $2,500.

☒ "X" if amount, legal interest or property in demand, not including interest and
costs is $2,500 or more.

☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) | | |
|---|---|---|---|---|
| 1 Court Street, Middletown 06457 | ( 860 ) 343-6400 | January | 17 | 2 022 |
| | | Month | Day | Year |
| ☒ Judicial District    ☐ G.A.   ☐ Housing Session    Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349)   Middletown | Case type code (See list on page 2) Major: T     Minor: 03 | | |

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented  (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Emanuele R. Cicchiello, Esq., Cicchiello & Cicchiello, LLP, 364 Franklin Ave., Hartford, CT 06114 | 419987 |
| Telephone number (with area code) ( 860 ) 296-3457 | Signature of Plaintiff (if self-represented) |
| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.    ☒ Yes   ☐ No | Email address for delivery of papers under Section 10-13 (if agreed to) manny@cicchielloesq.com |

| Number of Plaintiffs:  1 | Number of Defendants:  1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name:   Rosita Moriarty  Address:  425 Town Colony Road, Middletown, CT 06457 | P-01 |
| Additional Plaintiff | Name:  Address: | P-02 |
| First Defendant | Name:   Target Stores, Inc. a/k/a Target Corporation  1000 Nicollet Mall, Minneapolis, MN 55403  Address:  AFS: CT Corporation System, 67 Burnside Avenue, East Hartford, CT 06108 | D-01 |
| Additional Defendant | Name:  Address: | D-02 |
| Additional Defendant | Name:  Address: | D-03 |
| Additional Defendant | Name:  Address: | D-04 |

**Notice to Each Defendant**

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court   ☐ Assistant Clerk | Name of Person Signing at Left Matthew C. Sacco, Esq. | Date signed 12/21/2022 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only

File Date

A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date 12/21/2022 | Docket Number |
|---|---|---|---|

☐Print Form☐               (Page 1 of 2)               ☐Reset Form☐

## Instructions

*1. Type or print legibly; sign summons.*

*2. Prepare or photocopy a summons for each defendant.*

*3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.*

*4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.*

*5. Do not use this form for the following actions:*

*(a) Family matters (for example divorce, child support, custody, paternity, and visitation matters).*

*(b) Summary process actions.*

*(c) Applications for change of name.*

*(d) Probate appeals.*

*(e) Administrative appeals.*

*(f) Proceedings pertaining to arbitration.*

*(g) Any actions or proceedings in which an attachment, garnishment or replevy is sought.*

---

### ADA NOTICE

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA*.

---

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description | Major Description | Codes Major/Minor | Minor Description |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | C 10 | Construction - State and Local | | T 03 | Defective Premises - Private - Other |
| | C 20 | Insurance Policy | | T 11 | Defective Premises - Public - Snow or Ice |
| | C 30 | Specific Performance | | T 12 | Defective Premises - Public - Other |
| | C 40 | Collections | | T 20 | Products Liability - Other than Vehicular |
| | C 90 | All other | | T 28 | Malpractice - Medical |
| Eminent Domain | E 00 | State Highway Condemnation | | T 29 | Malpractice - Legal |
| | E 10 | Redevelopment Condemnation | | T 30 | Malpractice - All other |
| | E 20 | Other State or Municipal Agencies | | T 40 | Assault and Battery |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 50 | Defamation |
| | E 90 | All other | | T 61 | Animals - Dog |
| Miscellaneous | M 00 | Injunction | | T 69 | Animals - Other |
| | M 10 | Receivership | | T 70 | False Arrest |
| | M 20 | Mandamus | | T 71 | Fire Damage |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | T 90 | All other |
| | M 40 | Arbitration | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 50 | Declaratory Judgment | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 63 | Bar Discipline | | V 05 | Motor Vehicles* - Property Damage only |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 68 | Bar Discipline - Inactive Status | | V 09 | Motor Vehicle* - All other |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | V 10 | Boats |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | V 20 | Airplanes |
| | M 83 | Small Claims Transfer to Regular Docket | | V 30 | Railroads |
| | M 84 | Foreign Protective Order | | V 40 | Snowmobiles |
| | M 90 | All other | | V 90 | All other |
| | | | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Property | P 00 | Foreclosure | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | P 10 | Partition | | W 90 | All other |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien | | | |
| | P 30 | Asset Forfeiture | | | |
| | P 90 | All other | | | |

 Print Form                    Reset Form

RETURN DATE: JANUARY 17, 2023      :      SUPERIOR COURT

                              :

ROSITA MORIARTY            :      MIDDLESEX JD

                              :

VS.                             :      AT MIDDLETOWN

                              :

TARGET STORES, INC a/k/a TARGET      :

CORPORATION                :      DECEMBER 21, 2022

## COMPLAINT

**FIRST COUNT:**      **NEGLIGENCE**

1.      At all times set forth herein, the Plaintiff, Rosita Moriarty was a resident of the City of Middletown, State of Connecticut.

2.      At all times set forth herein, the Defendant, Target Stores, Inc., a/k/a Target Corporation, has been and is a corporation organized under the laws of the State of Minnesota and registered and authorized to do business in the State of Connecticut.

3.      At all times set forth herein, the Defendant owned, operated, maintained, possessed, and/or had control over a store location that sells retail goods and merchandise to the general public located at 3265 Berlin Turnpike in the Town of Newington, State of Connecticut (the "subject premises").

4.      On or about January 26, 2021, the Plaintiff was a business invitee at Defendant's business location at 3265 Berlin Turnpike.

5.      The Plaintiff parked her car in the parking lot of the subject premises, exited her car, and walked toward the entrance of the subject premises when she tripped on raised concrete near the entrance of the subject premises, causing her to fall violently and sustain injuries set out in further detail below.

6.      Said occurrence was due to the negligence and carelessness of the Defendant, its servants, agents, and/or employees in one or more of the following ways:

1

a.   In that it caused, allowed and/or permitted the concrete surface immediately outside the subject premises to be in the aforesaid uneven/raised condition and to remain in said condition when the same was dangerous to persons walking into the premises;

b.   The Defendant failed to maintain the aforementioned concrete surface in a reasonably safe condition;

c.   The Defendant knew, or, in the existence of reasonable care, should have known, of the unsafe and dangerous condition of said concrete surface and should have reasonably inspected and/or taken measures to remedy or correct the dangerous and unsafe condition, but failed to take measures to remedy said dangerous condition;

d.   The Defendant failed to take adequate measures to remedy the aforesaid defective condition of the driveway when the same was reasonably necessary under the circumstances;

e.   The Defendant failed to erect or maintain proper safeguards warnings, signs, or failed otherwise to warn the Plaintiff of the aforesaid dangerous condition; and

f.   In that the condition causing the injury is one that in the ordinary course of events no injury would have occurred unless the defendant had been negligent.

7.   As a result of the negligence and carelessness of the Defendant, the Plaintiff received and suffered a severe shock to her nervous system and from the injuries listed below. From all the injuries listed below or the effects thereof, the Plaintiff has suffered and will continue

2

to suffer, great pain, mental anguish, and nervousness; some of which injuries, or the effects thereof, are likely to be permanent. The Plaintiff's injuries *inter alia* are as follows:

a.   Left knee pain;

b.   Left knee abrasion;

c.   Tenderness along the medial aspect of the left proximal tibia;

d.   Patellofemoral crepitus of the left knee;

e.   Moderate left-knee arthritis;

f.   Moderate loss of left-knee joint space;

g.   Sclerosis and spurring of the left knee medial compartment;

h.   Left knee contusion;

i.   Aggravation of left knee osteoarthritis;

j.   Left shoulder pain;

k.   Restricted range of motion of the left shoulder;

l.   Strain of muscle and tendon of the left rotator cuff;

m.   Diffuse moderate weakness of the left rotator cuff;

n.   Distal infraspinatus tendinosis of the left shoulder;

o.   Partial-thickness articular surface insertional fraying of the left shoulder;

p.   Subchondral enthesopatic cyst of the left shoulder;

q.   Tendinosis of the long head of the left biceps with tenosynovitis;

r.   Left acromioclavicular joint arthrosis with capsular hypertrophy;

s.   Left subacromial/subdeltoid bursitis; and

t.   Other injuries the type, extent, and severity of which are yet unknown.

3

8.     As a further result of the negligence of the Defendant, the Plaintiff suffers from the fear and anxiety that future medical treatment and / or complications may occur arising out of this incident.

9.     As a further result of the negligence of the Defendant, the Plaintiff suffered, and will continue to suffer in the future, significant pain and suffering.

10.     As a further result of the negligence of the Defendant, the Plaintiff has suffered and will continue to suffer, from the loss of ability to enjoy life's pleasures and activities.

11.     As a further result of the negligence of the Defendant, the Plaintiff has been caused and will be caused to miss work and lose wages.

THE PLAINTIFF,
ROSITA MORIARTY

BY:
Matthew C. Sacco, Esq.
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: 860-296-3457
Fax: 860-296-0676
Juris No.: 419987
Email: msacco@cicchielloesq.com

A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

4

| RETURN DATE: JANUARY 17, 2023 | : | SUPERIOR COURT |
| | : | |
| ROSITA MORIARTY | : | MIDDLESEX JD |
| | : | |
| VS. | : | AT MIDDLETOWN |
| | : | |
| TARGET STORES, INC. a/k/a TARGET | : | |
| CORPORATION | : | DECEMBER 21, 2022 |

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff claims:

1. Money damages;

2. Allowable costs; and

3. Such other relief as the Court deems just and proper.

THE PLAINTIFF
ROSITA MORIARTY

BY
Matthew C. Sacco, Esq.
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: 860-296-3457
Fax: 860-296-0676
Juris No.: 419987
Email: msacco@cicchielloesq.com

A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

5

| | | |
|---|---|---|
| **RETURN DATE: JANUARY 17, 2023** | : | **SUPERIOR COURT** |
| | : | |
| **ROSITA MORIARTY** | : | **MIDDLESEX JD** |
| | : | |
| **VS.** | : | **AT MIDDLETOWN** |
| | : | |
| **TARGET STORES, INC. a/k/a/ TARGET** | : | |
| **CORPORATION** | : | **DECEMBER 21, 2022** |

### STATEMENT OF AMOUNT IN DEMAND

The amount in demand exceeds $15,000.00, excluding costs and interests.

THE PLAINTIFF
ROSITA MORIARTY

BY:
Matthew C. Sacco, Esq.
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: 860-296-3457
Fax: 860-296-0676
Juris No.: 419987
Email: msacco@cicchielloesq.com

A TRUE COPY ATTEST

KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

6

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROSITA MORIARTY,                          :
                                          :
                    Plaintiff             :
                                          :
vs.                                       :        Civil Action No.:
                                          :
TARGET STORES, INC. a/k/a                 :
TARGET CORPORATION                        :
                                          :
                    Defendant             :        JANUARY 25, 2023

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,
defendant, **Target Stores, Inc. a/k/a Target Corporation,** hereby gives notice of the
removal of the above-captioned action from the Superior Court of Connecticut, J.D. of
Middlesex at Middletown, which is the judicial district in which said action is pending, to
this Court. The grounds for removal are as follows:

1.      On or about December 21, 2022, the plaintiff, Rosita Moriarty, commenced
a civil action against Target Stores, Inc. a/k/a Target Corporation ("Target") in the Superior
Court of Connecticut, J.D. of Middlesex at Middletown, titled <u>Rosita Moriarty v. Target
Stores, Inc a/k/a Target Corporation</u> (the "Middlesex Action"), Docket Number MMX-
CV23-6036306-S.

2.      The plaintiff's Complaint alleges that as a result of the negligence of the
defendants, the plaintiff tripped on raised concrete near the entrance of the defendant's
premises, sustaining a severe shock to her nervous system and the following injures: left
knee pain, left knee abrasion, tenderness along the medial aspect of the left proximal
tibia, patellofemoral crepitus of the left knee, moderate left-knee arthritis, moderate loss

of left-knee joint space, sclerosis and spurring of the left knee medial compartment, left knee contusion, aggravation of left knee osteoarthritis, left shoulder pain, restricted range of motion of the left shoulder, strain of muscle and tendon of the left rotator cuff, diffuse moderate weakness of the left rotator cuff, distal infraspinatus tendinosis of the left shoulder, partial-thickness articular surface insertional fraying of the left shoulder, subchondral enthesopatic cyst of the left shoulder, tendinosis of the long head of the left biceps with tenosynovitis, left acromioclavicular joint arthrosis with capsular hypertrophy, left subacromial/subdeltoid bursitis; and other injuries the type, extent, and severity of which are yet unknown. The Complaint alleges that the plaintiff suffers from the fear and anxiety that future medical treatment and/or complications may occur arising out of this incident. It further alleges that the plaintiff has suffered and will continue to suffer in the future, significant pain and suffering. It further alleges that the plaintiff has suffered and will continue to suffer, from the loss of ability to enjoy life's pleasures and activities. Finally, it alleges that the plaintiff has been caused and will be caused to miss work and lose wages. The demand for relief claims monetary damages in excess of $15,000.

3.      This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1332 because complete diversity exists between the plaintiff and the defendant and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4.      There is complete diversity of citizenship between the plaintiff and the defendant. The plaintiff is an individual who resides in Middletown, Connecticut and who is a citizen of the State of Connecticut. Defendant Target is a Minnesota corporation that maintains its principal place of business in Minneapolis, Minnesota.

5.     Upon information and belief, the amount in controversy of the Middlesex Action exceeds the sum or value of $75,000, exclusive of interest and costs. The amount in controversy appears to exceed such sum or value based on the extensive list of injuries alleged in the Complaint. Medical records show the plaintiff claims a loss of consciousness. She has had MRI injections. Lost wages are also being claimed. The plaintiff also claims non-economic damages in the form of pain and suffering and loss of ability to enjoy life's pleasures and activities.  Lastly, plaintiff's counsel is not will to stipulate to the case having a value less than $75,000,

6.     Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is being timely filed within 30 days of the defendant's receipt of the initial state court pleading. Target was served with process on December 27, 2022. Accordingly, the time for filing this Notice under the provisions of 28 U.S.C. § 1446 has not expired.

7.     This Court would have had original subject matter jurisdiction of this action under the provisions of 28 U.S.C. § 1332 if the Middlesex Action had originally been brought in Federal court.  Removal, therefore, is proper under 28 U.S.C. § 1441(a).

8.     Removal of this case on the basis of diversity citizenship is not precluded by 28 U.S.C § 1441(b)(2) because none of the parties in interest have joined and served as a defendant a citizen of the State of Connecticut, which is the State in which the Middlesex Action was brought.

9.     All state court papers served on the defendant at the time of removal, consisting of the summons and complaint, are attached hereto as **Exhibit A**.

10.     Written notice of the filing of this Notice has been given to all parties as required by law (**Exhibit B**).

11.    Pursuant to 28 USC §1446(d), the defendant has notified the Superior Court of the State of Connecticut of the filing of this petition.

For the reasons set forth above, the defendant hereby removes this action from the Superior Court of Connecticut, J.D. of Middlesex at Middletown, to this Court.

DEFENDANT,
TARGET STORES, INC. a/k/a
TARGET CORPORATION

By: /s/ Renee W. Dwyer ct10580
Renee W. Dwyer, ct10580
641 Farmington Avenue
Hartford, CT 06105
Phone: (860) 523-8000
Fax: (860) 523-8002
E-Mail: rdwyer@conwaystoughton.com

## CERTIFICATION

I hereby certify that on January 26, 2023, a copy of the foregoing Notice of Removal was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Renee W. Dwyer ct10580
Renee W. Dwyer, ct10580